NOT DESIGNATED FOR PUBLICATION

No. 125,244

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TYLER JAMES HARRY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Thomas District Court; KEVIN BERENS, judge. Opinion filed January 27, 2023. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2021 Supp. 21-6820(g) and (h).

Before HILL, P.J., BRUNS and WARNER, JJ.

PER CURIAM: Tyler James Harry appeals the revocation of his probation, claiming that the district court abused its discretion by revoking his probation rather than reinstating his probation. We granted Harry's motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). After our review of the record, we affirm the district court's decision to revoke Harry's probation.

Harry pleaded guilty to mistreatment of an elder person, identity theft, and forgery. The district court sentenced him to a 12-month prison sentence and 24 months' probation.

1

Later, Harry violated his probation by drinking alcohol and leaving the county without permission. As a result, Harry received a three-day jail sanction. Then in April 2022, Harry's intensive supervision officer filed an affidavit in court alleging several probation violations, including:

- Harry was cited for minor in possession (MIP)/minor in consumption (MIC) and obstruction on November 12, 2021, and MIP and attempting to furnish alcohol to a minor on November 13, 2021. He admitted to drinking alcohol, leaving Ellis County without permission, and disregarding curfew on those days.
- Harry failed to report for various meetings with Northwest Kansas Community Corrections and drug and alcohol treatments at Smoky Hill Foundation, resulting in his unsuccessful discharge.
- Harry traveled to Reno County without permission, where he was arrested on some outstanding warrants.

Harry's supervision officer also stated in the affidavit that Harry continued to violate his probation, relocated several times without permission, failed to get a job, and was involved with a developmentally disabled female and took her phone and vehicle for his own use.

The State moved to revoke Harry's probation, alleging he violated the following:
- Condition 1 of his probation by committing new crimes;
- Condition 2 by not reporting as directed;
- Condition 7 by not remaining within a specified area;
- Condition 8 by using illegal substances;
- Condition 11 by not complying with treatment; and
- Condition 12 by not complying with his curfew.

The State requested the district court revoke Harry's probation and order him to serve his original sentence.

At his probation violation hearing in June 2022, Harry's former probation officers testified that he committed all the violations listed in the affidavit. They testified that Harry is not amenable to probation. One former probation officer testified that Harry has no respect for authority and does whatever he wants. The officer said that while many probationers struggle with underlying issues such as substance abuse, in his opinion Harry's actions were "just straight up defiant behavior."

In Harry's testimony, he provided excuses for his probation violations but did not deny committing them. The court revoked Harry's probation and ordered him to serve his original sentence. The district court noted that Harry committed a new crime while on probation, failed to report, and failed to maintain a job or a place to live. Based on those facts, the court felt that it was in the best interests of the community and Harry's rehabilitation for Harry to serve his prison sentence.

To us, Harry argues that the district court abused its discretion by revoking his probation rather than reinstating him. He does not explain why the district court should have reinstated his probation.

Once a probation violation is established, a district court has discretion to revoke probation unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). The district court was not limited by the statutes requiring intermediate sanctions because K.S.A. 2021 Supp. 22-3716(c)(7)(C) allows a district court to bypass intermediate sanctions if the defendant commits a new crime while on probation.

A judicial action is an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). Harry does not argue that the district court made an error of fact or law, so our inquiry is whether a reasonable person would agree with the court's decision to revoke Harry's probation. We hold that they would.

Harry committed several probation violations, including committing three new crimes. His probation officers testified he is not amenable to probation and is "straight up defiant." Harry also took no responsibility for his probation violations. Under these circumstances, a reasonable person would agree with the district court's decision to revoke Harry's probation.

We affirm the district court's decision to revoke Harry's probation and order he serve his underlying sentence.